APPEAL,CLOSED,GOODWIN,_CDP

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CIVIL DOCKET FOR CASE #: 5:14–cv–01119–HE

Lockett v. Fallin et al
Assigned to: Honorable Joe Heaton
Cause: 42:1983 Civil Rights Act

Date Filed: 10/13/2014
Date Terminated: 06/23/2015
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Clayton Lockett**
*The Estate of by and through its personal respresentative Gary Lockett*

represented by **David A Lane**
Killmer Lane &Newman LLP
1543 Champ St
Suite 400
Denver, CO 80202
303–571–1000
Fax: 303–571–1001
Email: dlane@kln–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn J Stimson**
Law Office of Kathryn J Stimson
1544 Race St
Denver, CO 80206
720–638–1487
Fax: 720–324–3924
Email: kathryn@stimsondefense.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark L Henricksen**
Henricksen &Henricksen Lawyers Inc
600 N Walker
Suite 201
Oklahoma City, OK 73102
405–609–1970
Fax: 405–609–1973
Email: mark@henricksenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole B Godfrey**
Killmer Lane &Newman LLP
1543 Champ St
Suite 400
Denver, CO 80202
303–571–1000

Fax: 303–571–1001
Email: ngodfrey@kln–law.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mary Fallin**                                   represented by   **Aaron J Stewart**
*Governor in her individual capacity*                             Attorney General's Ofc–NE
                                                                  21STREET–OKC
                                                                  313 NE 21st St
                                                                  Oklahoma City, OK 73105
                                                                  405–521–3921
                                                                  Fax: 405–521–4518
                                                                  Email: aaron.stewart@oag.ok.gov
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Richard N Mann**
                                                                  Attorney General's Ofc–NE
                                                                  21STREET–OKC
                                                                  313 NE 21st St
                                                                  Oklahoma City, OK 73105
                                                                  405–522–2921
                                                                  Fax: 405–521–4518
                                                                  Email: richard.mann@oag.ok.gov
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert C Patton**                               represented by   **Aaron J Stewart**
*in his individual capacity*                                      (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Richard N Mann**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Anita K Trammell**                              represented by   **Aaron J Stewart**
*in her individual capacity*                                      (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Richard N Mann**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                                      represented by   **David W Lee**
*Doctor*                                                          Collins Zorn &Wagner PC
                                                                  429 NE 50th St
                                                                  2nd Fl

Oklahoma City, OK 73105−1815
405−524−2070
Fax: 405−−524−2078
Email: david@czwglaw.com
*ATTORNEY TO BE NOTICED*

**W Brett Behenna**
Collins Zorn &Wagner PC
429 NE 50th St
2nd Fl
Oklahoma City, OK 73105−1815
405−524−2070
Fax: 405−524−2078
Email: brett@czwglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                                      represented by   **David W Lee**
*Doctor in his individual capacity*                              (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **W Brett Behenna**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*Paramedic in his individual capacity*

**Defendant**

**John Doe**
*Executioner #1 in his individual capacity*

**Defendant**

**John Doe**
*Executioner #2 in his individual capacity*

**Defendant**

**John Doe**
*Executioner #3 in his individual capacity*

**Defendant**

**John Doe**
*Drug Manufacturer #1 in its individual
capacity*

**Defendant**

**John Doe**
*Drug Manufacturer #1 in its official*

*capacity*

**Defendant**

**John Doe**
*Drug Manufacturer #2 in its individual
capacity*

**Defendant**

**John Doe**
*Drug Manufacturer #2 in its official
capacity*

**Defendant**

**John Doe**
*Compounding Pharmacy in its individual
capacity*

**Defendant**

**John Doe**
*Compounding Pharmacy #1 in its official
capacity*

**Defendant**

**John Doe**
*Compounding Pharmacy #2 in its
individual capacity*

**Defendant**

**John Doe**
*Compounding Pharmacy #2 in its official
capacity*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/13/2014 | 1 | | COMPLAINT against All Defendants filed by Clayton Lockett. (Attachments: # 1 Civil Cover Sheet)(pw) (Entered: 10/14/2014) |
| 10/14/2014 | 2 | | Summons Issued Electronically as to John Doe(Executioner #1 in his individual capacity), John Doe(Drug Manufacturer #2 in its official capacity), John Doe(Executioner #2 in his individual capacity), John Doe(Compounding Pharmacy #2 in its individual capacity), John Doe(Drug Manufacturer #1 in its official capacity), John Doe(Compounding Pharmacy in its individual capacity), John Doe(Paramedic in his individual capacity), John Doe(Executioner #3 in his individual capacity), Mary Fallin, Robert C Patton, Anita K Trammell, Doctor John Doe (Doctor in his individual capacity). (pw) Modified on 12/17/2014 (kr). (Entered: 10/14/2014) |
| 10/14/2014 | | | PAYMENT FOR A CIVIL CASE Filing fee $ 400, receipt number 1087–1944688. (Lane, David) (Entered: 10/14/2014) |

| 10/21/2014 | 3 | | ENTRY of Appearance by Aaron J Stewart on behalf of State of Oklahoma, ex rel. Oklahoma Attorney General (Stewart, Aaron) (Entered: 10/21/2014) |
|---|---|---|---|
| 10/21/2014 | 4 | | NOTICE OF RELATED OR COMPANION CASE by State of Oklahoma, ex rel. Oklahoma Attorney General (Attachments: # 1 Exhibit Complaint filed in Warner et al v. Gross et al – CIV–14–665)(Stewart, Aaron) (Entered: 10/21/2014) |
| 10/21/2014 | 5 | | MOTION to Strike 1 Complaint *and Brief in Support* by State of Oklahoma, ex rel. Oklahoma Attorney General. (Attachments: # 1 Exhibit Opinion &Order – Clark v. Voorhies, # 2 Exhibit Guardian Article)(Stewart, Aaron) (Entered: 10/21/2014) |
| 10/22/2014 | 6 | | ENTRY of Appearance by David A Lane on behalf of Clayton Lockett (Lane, David) (Entered: 10/22/2014) |
| 10/22/2014 | 7 | | ORDER the clerk of court is directed to seal docket entries 1, 2 and 5–2 (Exhibit 2 to Doc. #5) in this case pending further order of the court...plaintiff is directed to respond to the State of Oklahoma's motion to strike 5 on or before 11/03/2014...until otherwise ordered by the court the caption of any pleading filed in this case from this date forward shall conform to that used in docket entry 5 . Signed by Honorable Joe Heaton on 10/22/2014. (lam) (Entered: 10/22/2014) |
| 10/22/2014 | 8 | | ENTRY of Appearance by Mark L Henricksen on behalf of Clayton Lockett (Henricksen, Mark) (Entered: 10/22/2014) |
| 10/22/2014 | 9 | | ORDER directing each counsel for plaintiff to file an entry of appearance conforming to LCvR83.4 or as appropriate a motion for leave to appear pro hac vice on or before 10/24/2014...any objection to the latter motion(s) shall be filed on or before 10/28/2014. Signed by Honorable Joe Heaton on 10/22/2014. (lam) (Entered: 10/22/2014) |
| 10/22/2014 | 10 | | ENTRY of Appearance by Mark L Henricksen on behalf of Clayton Lockett (Henricksen, Mark) (Entered: 10/22/2014) |
| 10/23/2014 | 11 | | ENTRY of Appearance by Kathryn J Stimson on behalf of Clayton Lockett (Stimson, Kathryn) (Entered: 10/23/2014) |
| 10/24/2014 | 12 | | NOTICE (other) by Oklahoma Attorney General (Attachments: # 1 Exhibit Orders Setting Executions)(Stewart, Aaron) (Entered: 10/24/2014) |
| 11/03/2014 | 13 | | RESPONSE to Motion re 5 MOTION to Strike 1 Complaint *and Brief in Support* filed by Clayton Lockett. (Lane, David) (Entered: 11/03/2014) |
| 11/10/2014 | 14 | | REPLY to Response to Motion re 5 MOTION to Strike 1 Complaint *and Brief in Support* filed by Oklahoma Attorney General. (Stewart, Aaron) (Entered: 11/10/2014) |
| 11/25/2014 | 15 | | WAIVER OF SERVICE Returned Executed by Defendants John Doe, John Doe. John Doe(Doctor in his individual capacity) waiver sent on 10/22/2014, answer due 12/22/2014; John Doe(Doctor) waiver sent on 10/22/2014, answer due 12/22/2014. (Lane, David) (Entered: 11/25/2014) |
| 11/25/2014 | 16 | | ENTRY of Appearance by Nicole B Godfrey on behalf of Clayton Lockett (Godfrey, Nicole) (Entered: 11/25/2014) |

| 12/05/2014 | 17 | | ORDER deferring ruling on 5 Motion to Strike Complaint. Plf is directed to file within 7 days an amended complaint with name of referenced Def redacted, but without any change to its substantive allegations. Defs who have been served shall answer or otherwise plead within 14 days from that filing. Docket entries 1, 2, and 5–2 will remain sealed. Signed by Honorable Joe Heaton on 12/05/2014. (sm) (Entered: 12/05/2014) |
| --- | --- | --- | --- |
| 12/08/2014 | 18 | | AMENDED COMPLAINT against Mary Fallin, Robert C Patton, Anita K Trammell filed by Clayton Lockett.(Lane, David) (Entered: 12/08/2014) |
| 12/17/2014 | | | Docket Annotation: Doc. 2 docket text changed to Dr. John Doe at the direction of the Clerk of Court. (kr) (Entered: 12/17/2014) |
| 12/22/2014 | 19 | | ENTRY of Appearance by David W Lee on behalf of John Doe(Doctor in his individual capacity), John Doe(Doctor) (Lee, David) (Entered: 12/22/2014) |
| 12/22/2014 | 20 | | ENTRY of Appearance by William Brett Behenna on behalf of John Doe(Doctor in his individual capacity), John Doe(Doctor) (Behenna, William) (Entered: 12/22/2014) |
| 12/22/2014 | 21 | | MOTION to Dismiss *and Brief in Support* by John Doe(Doctor in his individual capacity), John Doe(Doctor). (Attachments: # 1 Exhibit 1 – Judgment and Sentence, # 2 Exhibit 2 – Death Warrant)(Lee, David) (Entered: 12/22/2014) |
| 01/09/2015 | 22 | | SUMMONS Returned Executed by Clayton Lockett. Mary Fallin served on 12/22/2014; Anita K Trammell served on 12/22/2014. (Attachments: # 1 Affidavit Of Service)(Lane, David) (Entered: 01/09/2015) |
| 01/09/2015 | 23 | | MOTION for Extension of Time to File Response/Reply *to Motion to Dismiss Defendant Doctor John Doe* by Clayton Lockett. (Lane, David) (Entered: 01/09/2015) |
| 01/12/2015 | 24 | | ORDER granting 23 plaintiff's unopposed motion for extension of deadline...plaintiff shall file his response to defendants' motion to dismiss 21 not later than 02/09/2015. Signed by Honorable Joe Heaton on 01/12/2015. (lam) (Entered: 01/12/2015) |
| 01/12/2015 | 25 | | ENTRY of Appearance by Richard N Mann on behalf of Mary Fallin, Robert C Patton, Anita K Trammell (Mann, Richard) (Entered: 01/12/2015) |
| 01/12/2015 | 26 | | MOTION to Quash by Mary Fallin, Robert C Patton, Anita K Trammell. (Attachments: # 1 Exhibit Affidavit of Rhonda Langley, # 2 Exhibit Email from David Lane)(Mann, Richard) (Entered: 01/12/2015) |
| 02/02/2015 | 27 | | RESPONSE to Motion re 26 MOTION to Quash filed by Clayton Lockett. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Lane, David) (Entered: 02/02/2015) |
| 02/06/2015 | 28 | | CIVIL STATUS CONFERENCE DOCKET: Scheduling Conference set for 03/03/2015 @ 10:10 AM in Chambers before Honorable Joe Heaton. Status Report due by 02/24/2015. (lam) (Entered: 02/06/2015) |
| 02/09/2015 | 29 | | REPLY to Response to Motion re 26 MOTION to Quash filed by Mary Fallin, Robert C Patton, Anita K Trammell. (Stewart, Aaron) (Entered: 02/09/2015) |
| 02/09/2015 | 30 | | |

| | | | |
|---|---|---|---|
| | | | ENTRY of Appearance by Aaron J Stewart on behalf of Robert C Patton (Stewart, Aaron) (Entered: 02/09/2015) |
| 02/09/2015 | 31 | | SUMMONS Returned Executed by Clayton Lockett. Robert C Patton served on 2/2/2015. (Lane, David) (Entered: 02/09/2015) |
| 02/09/2015 | 32 | | RESPONSE to Motion re 21 MOTION to Dismiss *and Brief in Support* filed by Clayton Lockett. (Lane, David) (Entered: 02/09/2015) |
| 02/11/2015 | 33 | | ORDER setting defendants Fallin, Patton and Trammell's motion to quash 26 for hearing on 02/20/2015 @ 01:30 PM in Courtroom 304 before Honorable Joe Heaton...counsel for plaintiff and the moving defendants are ordered to conduct an in person conference directed to attempting a resolution of the matters raised by the motion and file a joint statement not later than 02/19/2015 @ 5:00 p.m. as to conference agenda. Signed by Honorable Joe Heaton on 02/11/2015. (lam) (Entered: 02/11/2015) |
| 02/17/2015 | 34 | | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 32 Response to Motion by John Doe(Doctor in his individual capacity), John Doe(Doctor). (Lee, David) (Entered: 02/17/2015) |
| 02/17/2015 | 35 | | ORDER granting 34 defendant Dr. John Doe's unopposed motion for extension of deadline...defendant shall file his reply to his motion to dismiss 21 not later than 02/23/2015. Signed by Honorable Joe Heaton on 02/17/2015. (lam) (Entered: 02/17/2015) |
| 02/18/2015 | 36 | | NOTICE (other) by Clayton Lockett re 33 Order Setting Hearing on Motion, *Joint Statement of Parties Regarding Service Issues* (Henricksen, Mark) (Entered: 02/18/2015) |
| 02/19/2015 | 37 | | ORDER the parties have notified the court that an agreement has been reached 36 as to defendants' motion to quash 26 ...the 02/20/2015 hearing is stricken as moot as is defendants' motion. Signed by Honorable Joe Heaton on 02/19/2015. (lam) (Entered: 02/19/2015) |
| 02/23/2015 | 38 | | ENTRY of Appearance by Aaron J Stewart on behalf of Mary Fallin, Anita K Trammell (Stewart, Aaron) (Entered: 02/23/2015) |
| 02/23/2015 | 39 | | MOTION to Dismiss *Plaintiff's Amended Complaint* by Mary Fallin, Robert C Patton, Anita K Trammell. (Attachments: # 1 Exhibit JSfor Lockett, # 2 Exhibit Death Warrent, # 3 Attachment Hooper v. Jones (unpublished), # 4 Attachment Wackerly v. Jones (unpublished), # 5 Attachment Osborn v. Shillenger (unpublished))(Stewart, Aaron) (Entered: 02/23/2015) |
| 02/23/2015 | 40 | | REPLY to Response to Motion re 21 MOTION to Dismiss *and Brief in Support* filed by John Doe(Doctor in his individual capacity), John Doe(Doctor). (Lee, David) (Entered: 02/23/2015) |
| 02/24/2015 | 41 | | JOINT STATUS REPORT AND DISCOVERY PLAN by Plaintiff Clayton Lockett. (Godfrey, Nicole) (Entered: 02/24/2015) |
| 03/03/2015 | 42 | | ORDER STAYING DISCOVERY for the reasons stated at the 03/03/2015 status conference...discovery is stayed pending resolution of the pending motions to dismiss; the case will be set for further status conference upon resolution of the motions. Signed by Honorable Joe Heaton on 03/03/2015. (lam) (Entered: 03/03/2015) |

| 03/09/2015 | 43 | | NOTICE of Change of Address by David W Lee (Lee, David) (Entered: 03/09/2015) |
|---|---|---|---|
| 03/09/2015 | 44 | | NOTICE of Change of Address by William Brett Behenna (Behenna, William) (Entered: 03/09/2015) |
| 03/10/2015 | 45 | | MOTION for Extension of Time *to Respond to State Defendants' Motion to Dismiss Plaintiff's Amended Complaint* by Clayton Lockett. (Lane, David) (Entered: 03/10/2015) |
| 03/11/2015 | 46 | | ORDER granting 45 plaintiff's unopposed motion for extension of deadline...plaintiff shall file its response to defendants' motion to dismiss 39 not later than 04/06/2015. Signed by Honorable Joe Heaton on 03/11/2015. (lam) (Entered: 03/11/2015) |
| 04/06/2015 | 47 | | RESPONSE in Opposition re 39 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by Clayton Lockett. (Lane, David) (Entered: 04/06/2015) |
| 04/13/2015 | 48 | | REPLY by Defendants Mary Fallin, Robert C Patton, Anita K Trammell *To Plaintiff's Response and Brief in Opposition to Defendants' Motion To Dismiss The Amended Complaint* filed by Mary Fallin, Robert C Patton, Anita K Trammell. (Mann, Richard) (Entered: 04/13/2015) |
| 06/23/2015 | 49 | 9 | ORDER granting defendants' motions to dismiss 21 AND 39 ...this case is dismissed with all claims against the individual defendants being dismissed with prejudice...the claims against the as–yet unidentified compounding pharmacies are dismissed without prejudice but without leave to amend; the State of Oklahoma's motion to strike the complaint 5 is stricken as moot. Signed by Honorable Joe Heaton on 06/23/2015. (lam) (Entered: 06/23/2015) |
| 06/23/2015 | 50 | 30 | JUDGMENT in accordance with order 49 judgment is entered in favor of defendants and against plaintiff as to all claims...plaintiff's claims against the identified defendants are dismissed with prejudice; its claims against the "John Doe compounding pharmacies" are dismissed without prejudice. Signed by Honorable Joe Heaton on 06/23/2015. (lam) (Entered: 06/23/2015) |
| 07/15/2015 | 51 | 31 | NOTICE OF APPEAL as to 49 Order on Motion to Dismiss, Order on Motion to Strike,,,, 50 Judgment, by Clayton Lockett. Filing fee $ 505, receipt number 1087–2109228. (Lane, David) (Entered: 07/15/2015) |
| 07/16/2015 | 52 | | PRELIMINARY RECORD LETTER – Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 51 Notice of Appeal. (njr) (Entered: 07/16/2015) |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1) THE ESTATE OF CLAYTON LOCKETT, )
    by and through its personal representative )
    GARY  LOCKETT, )
                              )
               Plaintiff, )
vs. )
                              )    NO.  CIV-14-1119-HE
(1) GOVERNOR MARY FALLIN, in her )
    individual capacity; )
(2) ROBERT C. PATTON, in his individual )
    capacity; and )
(3) ANITA TRAMMELL, in her individual )
    capacity; *et. al.,* )
                              )
             Defendants. )

## <u>ORDER</u>

The plaintiff in this case is the Estate of Clayton Lockett.  Mr. Lockett was an Oklahoma inmate who was executed on April 29, 2014.  In its amended complaint, the estate asserts claims for violations of Mr. Lockett's constitutional rights against the state officials, and certain other persons or entities, who or which played some role in the execution. Motions to dismiss have been filed by Mary Fallin, the Governor of Oklahoma, Robert Patton, the Director of the Oklahoma Department of Corrections  and Anita Trammell, the warden of the Oklahoma State Penitentiary where the execution was carried out (collectively, "the government defendants").  Dr.  Doe, the doctor who allegedly participated in the execution procedure, has also moved to dismiss the claims against him.[1]  The government

---

[1] *Plaintiff's initial complaint identified by name the physician alleged to have participated in the execution.  The State of Oklahoma specially appeared through its Attorney General and moved to strike the complaint, arguing that the identity of the physician was required to be kept*

defendants have also asked for dismissal of the claims against the as-yet unidentified "John Doe" defendants.

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the nonmoving party.  S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).  To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability.  Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Id. at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)).

When qualified immunity is asserted in a motion to dismiss, the allegations of the complaint must be "sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and those rights were clearly established at the time."

---

*confidential by state law [Doc. #5].  The court sealed the complaint and all other documents that identified the individual alleged to have been involved, and ordered that all further filings refer to this individual only as "Dr. Doe" [Doc. #7].  This order continues that practice.*

Robbins v. Okla., 519 F.3d 1242, 1249 (10th Cir. 2008).

Where the claims against unidentified defendants turn on the same factors or circumstances as warrant dismissal of the claims against identified defendants, a court may, in appropriate circumstances, dismiss those claims as well. *See* Smith v. Colo. Dept. of Corr., 23 F.3d 339, 340 (10th Cir. 1994) (permitting *sua sponte* dismissals where it was obvious that allowing the claims to proceed would be futile).

Factual Allegations

The amended complaint liberally employs hyperbolic allegations about "torture," "crimes against humanity," and the like. Stripped of the bombast and other conclusory allegations, the amended complaint alleges essentially the following as the basis for plaintiff's claims:

Mr. Lockett was sentenced to death after being convicted of assault and battery, murder, rape, forcible sodomy, and kidnapping. The sentence was carried out on April 29, 2014, at the Oklahoma State Penitentiary (OSP). Another inmate, Charles Warner, was also scheduled to be executed on the same date. Pursuant to state law, both were to be executed by lethal injection.

According to the complaint,[2] Oklahoma has historically used a combination of three drugs in lethal injection process. Over the past several years Oklahoma has changed some

---

[2]*The complaint's allegations as to the Lockett execution are generally consistent with the description of it appearing in* Warner v. Gross, *776 F.3d 721, 725-26 (10th Cir. 2015).*

3

of the drugs which it uses at each stage.[3]  The complaint alleges that Mr. Lockett was

informed on April 1, 2014, that the drugs to be used for his execution would be midazolam,

pancuronium bromide, and potassium chloride and that the first two drugs would be prepared

by a compounding pharmacy.  He was later advised that vecuronium bromide would be

substituted for the pancuronium bromide and that both it and the midazolam would be

obtained from a manufactured source.  The complaint alleges that the particular combination

used in Mr. Lockett's execution was 100 milligrams of midazolam, 40 milligrams of

vecuronium bromide, and 200 milliequivalents of potassium chloride.

The complaint alleges that Mr. Lockett was the first Oklahoma inmate to receive

midazolam as the first drug.  The drugs previously used were barbiturates; midazolam is a

benzodiazepine.  Plaintiff alleges that midazolam "cannot relieve pain" and is "incapable of

producing a state of unawareness that will be maintained after either of the other pain-

producing drugs, vecuronium bromide (or its substitute) and potassium chloride, are

injected."  Amended Complaint [Doc. #18] at ¶¶ 18-19.

In preparing Mr. Lockett for administration of the drugs, the execution team struggled

to find a viable vein in which to establish an intravenous (IV) line.  The complaint indicates

---

[3]*Defendants' submissions indicate, and plaintiff does not appear to dispute, that the practice has been for the first drug to be a sedative intended to induce a deep, coma-like unconsciousness to ease pain caused by the succeeding drugs.  The second drug is a paralytic agent intended to prevent involuntary movements associated with the third drug and to hasten death by stopping respiration.  The third drug induces cardiac arrest by interfering with electric signals.  Oklahoma has used both sodium thiopental and pentobarbital as the first drug. The second drug used has been pancuronium bromide or vecuronium bromide.  The third drug, which has apparently been consistently used, is potassium chloride.*

4

they were eventually able to establish an access point in Mr. Lockett's groin area.  A towel was placed over the area, which prevented witnesses from observing the specific location where the IV was inserted.

The complaint indicates the first drug was administered at 6:23 p.m. and that Dr. Doe declared Mr. Lockett unconscious ten minutes later.  As the other drugs were being administered, however, Mr. Lockett began gasping for breath, writhing, groaning, convulsing, and speaking.  The execution team allegedly discovered that the vein used for administering the drugs had collapsed, which was apparently preventing the drugs from entering Mr. Lockett's system.  Dr. Doe reported this to defendant Patton, the Director of the Oklahoma Department of Corrections (ODOC), who allegedly then asked whether Mr. Lockett had received enough drugs to cause death.  When Dr. Doe responded negatively, Patton asked whether enough drugs were remaining to cause death.  Dr. Doe again said "no." Thirty-three minutes after the drugs were first administered (6:56p.m.), the execution was called off.  Mr. Lockett was declared dead ten minutes later (7:06p.m.), a total of 43 minutes after the first administration of drugs.  It is alleged that Governor Mary Fallin was contacted during the execution and apprised of the circumstances.

The complaint indicates that a subsequent autopsy of Mr. Lockett concluded "the chemicals did not enter into the offender."  The complaint also alleges that the drugs reserved for Charles Warner's execution were available but not used.

Discussion

5

The threshold consideration is determining the type of claims being asserted against the defendants.  The Amended Complaint includes language which suggests plaintiff is asserting both official capacity and individual capacity claims. *See* Amended Complaint [Doc. #18] at ¶ 12 ("All Defendants in this action were acting under color of State law in both individual and *official capacities*...") (emphasis added).  However, as plaintiff concedes in its responses to defendants' motions, Eleventh Amendment immunity precludes claims for monetary damages against state officials sued in their official capacity, as such claims are essentially ones against the State itself.  Therefore, to the extent the complaint asserts official capacity claims against these defendants, they must be dismissed based on Eleventh Amendment immunity.

Claims asserted against the defendants in their individual capacities are not barred by Eleventh Amendment immunity but are potentially subject to the defense of qualified immunity.  Defendants have asserted that defense here.[4]  Plaintiff challenges whether Dr. Doe, who is apparently a private physician rather than a state official or regular employee, is entitled to assert qualified immunity.  It argues he is a private actor, not a state actor. Plaintiff relies on Wyatt v. Cole, 504 U.S. 158 (1992), in which the Supreme Court "held that individuals who used a state replevin law to compel the local sheriff to seize the disputed property from a former business partner were not entitled to seek qualified immunity."

---

[4]*Defendants also assert quasi-judicial immunity as a defense.  The court has considerable doubt whether that doctrine has application here, given plaintiff's focus on the manner of Mr. Lockett's execution, rather than merely the fact of it.  However, in light of the court's conclusions as to qualified immunity, it is unnecessary to determine whether quasi-judicial immunity might also bar plaintiff's claims.*

Filarsky v. Delia, 132 S.Ct. 1657, 1666 (2012) (discussing Wyatt).  Plaintiff argues that

because Dr. Doe received payment for his services he, like the defendant in Wyatt, is a

private person who used government mechanics to achieve personal interests, and therefore

is not entitled to qualified immunity.

The argument is unpersuasive.  Dr. Doe is not alleged to be merely a private person

who sought action by public officials, but is instead alleged to have been recruited by the

state to accomplish a governmental function, and was paid for it.  This case is therefore

parallel to the circumstances in Filarsky, in which the Court concluded qualified immunity

properly applied to an attorney who had been hired by a city to conduct a limited

investigation.  The  Court distinguished  Wyatt by noting that, in that case, there were "no

government agents, no government interests, and no government need for immunity"

involved.  Id. at 1667.  Here, as in Filarsky, the alleged circumstances plainly do involve Dr.

Doe acting as a state agent or actor.  As the Tenth Circuit has recognized, "a private

individual who performs a government function pursuant to a state order or request is entitled

to qualified immunity if a state official would have been entitled to such immunity had he

performed the function himself."  Warner v. Grand County, 57 F.3d 962 (10th Cir. 1995).

As Dr. Doe was allegedly hired to carry out a state function, albeit for a short time and of

limited scope, he is entitled to qualified immunity to the same extent that a physician on the

state's full-time payroll would be.

"The doctrine of qualified immunity protects government officials 'from liability for

civil damages insofar as their conduct does not violate clearly established statutory or

7

constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>,

555 U.S. 223, 231 (2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).  As

noted above, when qualified immunity is asserted at the motion to dismiss stage, a plaintiff

must allege facts which, if taken as true, are sufficient to show (1) that the defendants

plausibly violated the plaintiff's constitutional rights and (2) that those rights were clearly

established at the time of the violation.  <u>Hernandez v. Ridley</u>, 734 F.3d 1254, 1258 (10th Cir.

2013)  As to the issue of whether plaintiff has made a plausible showing of the violation of

Mr. Lockett's constitutional rights, several "related and well-established principles" have

emerged as to the constitutionality of executions and execution protocols:

> The first is that capital punishment itself has been held not to violate the
> Eighth Amendment's prohibition against the infliction of cruel and unusual
> punishments. <u>Baze</u>, 553 U.S. at 47, 128 S.Ct. 1520. Second, the Supreme
> Court "has never invalidated a State's chosen procedure for carrying out a
> sentence of death as the infliction of cruel and unusual punishment." *Id.* at 48,
> 128 S.Ct. 1520. Third, the Court has recognized "that there must be a means
> of carrying ... out" capital punishment and that "[s]ome risk of pain is inherent
> in any method of execution—no matter how humane—if  only from the
> prospect of error in following the required procedure." *Id.* at 47, 128 S.Ct.
> 1520. Thus, the Court has emphasized, "the Constitution does not demand the
> avoidance of all risk of pain in carrying out executions." *Id.* More specifically,
> "because an execution method may result in pain, either by accident or as an
> inescapable consequence of death, does not establish the sort of 'objectively
> intolerable risk of harm' that qualifies as cruel and unusual." *Id.*

<u>Warner v. Gross</u>, 776 F.3d 721, 728-29 (10th Cir.) *cert. granted*, 135 S. Ct. 1173 (2015).

Applying these general principles,[5] and after focusing on the actual facts alleged by plaintiff

---

[5]*These and other principles of the law of the United States, and the related authorities,*
*necessarily govern the disposition of this case.  The Universal Declaration of Human Rights, the*
*Nuremberg Code, and other sources of international law upon which plaintiff relies are neither*

8

(as opposed to the bombastic and conclusory allegations of "torture", "human experimentation" and the like), it is at least doubtful whether plaintiff has stated a plausible claim that any defendant violated Mr. Lockett's constitutional rights. However, the court concludes it is unnecessary to definitively resolve those questions here, as the second element of the qualified immunity inquiry—whether the pertinent right was "clearly established"—is determinative of these motions. *See* Pearson v. Callahan, 555 U.S. 223, 236 (2009) (permitting courts to determine "which of the two prongs of the qualified immunity analysis should be addressed first").

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (internal quotations and alterations omitted). Though a case directly on point is not necessary, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.; see* Clark v. Wilson, 625 F.3d 686, 690 (10th Cir. 2010) ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."). In determining whether the pertinent rule or standard is clearly established, the Supreme Court has instructed lower courts "not to define clearly established law at a high level of

---

*controlling nor are they, in the circumstances of this case, particularly informative.*

generality," but instead to hone in on the particular facts at hand.  *Id.*  at 2084.  "When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Id.*  at 2085 (quoting Malley v.  Briggs, 475 U.S. 335, 341 (1986)).  Applying these standards, the court concludes plaintiff has not shown a violation of "clearly established" rights such as would avoid the defense of qualified immunity.

Eighth Amendment "Torture" Claim

Plaintiff titles its first claim for relief "Eighth Amendment violation – Torture."  The allegations that appear below this heading (¶¶ 41-47) are conclusory and somewhat vague, making it difficult to ascertain which of the acts alleged in the preceding paragraphs and incorporated into this claim by paragraph 40 allegedly constitute "torture."   Excluding obvious hyperbole and conclusory allegations, it appears that the "torture" claim is based on allegations of (1) improperly inserting IV lines, (2) impeding adequate observation of the injection site by covering it with a cloth, (3) prematurely declaring Mr. Lockett unconscious, and/or (4) failing to give Mr. Lockett the drugs that were reserved for the other inmate scheduled to be executed, after discovering that Mr. Lockett's vein had collapsed.

Even assuming these allegations are true, they do not violate a right that was clearly established at the time.  The first three allegations do nothing more than allege negligence, which does not rise to the level of an Eighth Amendment violation at all.  *See* Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003).  These allegations suggest nothing more than the sort of "isolated mishap," which "alone does not give rise to an Eighth Amendment violation, precisely because such an event, while regrettable, does not suggest cruelty...."

10

Baze v. Rees, 553 U.S. 35, 50 (2008).  However, even if it be assumed that the allegations somehow allege a constitutional violation, plaintiff cites no authority indicating that the pertinent rights (to a properly inserted IV?  to a correct determination of consciousness?) were clearly established.  Because the particular legal standards plaintiff's claims necessarily rely on were not clearly established, defendants are entitled to qualified immunity as to this claim.

Eighth Amendment "Use of Untested Drugs" Claim

Plaintiff asserts a claim titled "Use of Untested Drugs."  Despite the descriptor "untested," the allegations that fall under this claim do not focus on the  "experimental" nature of midazolam's use on Mr. Lockett, which is addressed in claim 4, but instead focus on its inherent characteristics, which plaintiff alleges render it unconstitutional for use as a stand-alone first drug.  Specifically, plaintiff alleges that, unlike prior drugs used as the first in the three-drug sequence, both of which were barbiturates, midazolam is a benzodiazepine and as such, is "incapable of producing a state of unawareness that will be maintained after either of the other two pain-producing drugs, vecuronium bromide (or its substitute) and potassium chloride" and in fact "cannot relieve pain."  Amended Complaint [Doc. #18] at ¶¶ 54, 55.  This is unconstitutional, plaintiff alleges, because it subjected Mr. Lockett to "a slow and painful death by asphyxiation" caused by vecuronium bromide and a "burning and intense pain" caused by potassium chloride.  *Id.*  at  ¶¶ 51, 52.  Plaintiff also alleges that midazolam "carries a substantial risk of producing tonic-clonic seizures and convulsions" and "paradoxical reactions," both of which "can result in severe pain and needless suffering," *id.*

11

at  ¶¶ 57, 58.

Again, even assuming the complaint states a constitutional violation based on the use of the particular drug, plaintiff identifies no authority showing a right to the use of something other than midazolam to be clearly established.   The Tenth Circuit's decision in Warner v. Gross, 776 F.3d 721 (10th Cir. 2015) is plainly inconsistent with any suggestion that the use of midazolam is necessarily unconstitutional.  The Supreme Court has granted certiorari in that case (now Glossip v. Gross) on issues which appears to embrace that question.  135 S.Ct. 1173 (2015);  see question presented at http://www.supremecourt.gov/qp/14-07955qp.pdf.

 But even if the Supreme Court ultimately determines Warner's view of midazolam to be incorrect, it is nonetheless clear that any right which plaintiff now asserts based on the use of midazolam was not clearly established at the time of Mr. Lockett's execution.  Defendants are entitled to qualified immunity as to this claim.

Eighth Amendment "Use of Compounded Drugs" Claim

In its third claim, plaintiff challenges the use of compounded drugs.  According to the amended complaint, "[p]harmacy compounding is a practice by which a pharmacist combines, mixes, or alters ingredients in response to a prescription to create a medication tailored to the medical needs of an individual patient."  Amended Complaint [Doc. #18] at ¶ 66.  These drugs are not approved by the Food and Drug Administration (FDA) and therefore, plaintiff alleges, their quality is unknown.  Id. at ¶¶ 67-71.  Plaintiff contends the use of compounded drugs carries intolerable risks in violation of the Eighth Amendment, because there is a risk the person being executed might never lose awareness, id. at ¶ 72,  and

even if he did, he might still suffer:

> painful pulmonary embolisms resulting from deviations in potency or formation of precipitates within the body; nausea and vomiting resulting from deviations in potency; suffocation and gasping for breath; immediate anaphylactic reactions or other excruciating effects resulting from contamination with dangerous allergens, bacteria, fungus. or other impurities; and serious burning pain on injection, as a result of incorrect pH.

*Id.*

Even assuming that defendants actually used a compounded drug and that this, on some basis, violated Mr. Lockett's constitutional rights, that right was not clearly established at the time of his execution.  Plaintiff has not identified any Supreme Court or Tenth Circuit authority suggesting that the use of compounded drugs in general, or of this one in particular, is unconstitutional.  At least one federal circuit court had determined, prior to April 29, 2014, that the use of compounded drugs in that case was not unconstitutional.  Whitaker v. Livingston, 732 F.3d 465 (5th Cir. 2013).  There are other cases rejecting similar challenges to drugs which, though they were not compounded, were also not approved by the FDA and allegedly posed similar risks.  *See* Brewer v. Landrigan, 131 S.Ct. 445 (2010) (summarily vacating a temporary restraining order because there was no evidence in the record to suggest that the non-FDA approved drugs were unsafe and "speculation cannot substitute for evidence that the use of the drugs is '*sure or very likely* to cause serious illness and needless suffering'"); Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir.  2013) ("The Supreme Court has rejected the notion that the absence of approval by the Administration is sufficient to establish a substantial risk of severe pain") (citing Landrigan, 131 S.Ct. at 445); Cook v.

Brewer, 637 F.3d 1002, 1006-07 (9th Cir. 2011) (citing Landrigan for the proposition that alleging importation of drugs and a lack of FDA-approval are insufficient to make an Eighth Amendment claim plausible).  These authorities are plainly inconsistent with the proposition plaintiff urges here.

There was no clearly established right, as of the date of Mr. Lockett's execution, for an inmate being executed with something other than compounded drugs.

Eighth Amendment "Human Medical Experimentation on Unwilling Prisoners" Claim

Plaintiff next claims that defendants conducted "human experimentation on unwilling prisoners" by using "untried drugs of unknown provenance" and "untested procedures." Amended Complaint [Doc. #18] at ¶ 76.  Plaintiff suggests that the Eighth Amendment requires that the drugs/procedures be, among other things, (1) tested on non-human subjects before administered to humans, (2) administered by medical and/or scientific experts, or at least subject to such experts' consultation, and (3) administered only to voluntary subjects. Plaintiff alleges that, by administering the drugs/procedures without ensuring that these requirements were met, defendants violated the Eighth Amendment.

Plaintiff has failed to demonstrate that these requirements were "clearly established" as Eighth Amendment mandates.  Plaintiff cites no Supreme Court or Tenth Circuit authority establishing or recognizing any of those requirements and the closest cases appear to be inconsistent with plaintiff's view of the law.  In Warner, the Tenth Circuit upheld the denial of injunctive relief to the plaintiffs on the basis they were unlikely to prevail as to their claims, one of which challenged Oklahoma's execution protocol on the basis it was

14

"untested" and "used an ever-changing array of untried drugs." 776 F.3d at 727. Had the clearly established law been (then, or as of the date of Mr. Lockett's execution) as plaintiff urges, the court's conclusion would plainly have been otherwise. Similarly, the Tenth Circuit has upheld new execution protocols challenged on other grounds, even though the alleged "requirements" plaintiff asserts appear not to have been met there. *See e.g.*, Pavatt v. Jones, 627 F.3d 1336 (10th Cir. 2010) (affirming the use of pentobarbital as the first drug of the three-drug sequence). Thus it simply cannot be said that clearly established law at the time of Mr. Lockett's execution required any particular drug testing process before a drug's use, or that clearly established law made illegal the particular procedures alleged to have been followed here.[6]   Defendants are therefore entitled to qualified immunity as to the claim.

Eighth Amendment "Failure to Train" Claim

Plaintiff asserts a "failure to train" claim, alleging that defendants Patton and Trammell, who are "assigned by Oklahoma law with authority over the execution of all death sentences," did not promulgate the policies necessary to prevent Mr. Lockett from being executed in a way that violated the Eighth Amendment. Specifically, plaintiff alleges they failed to (1) consult with experts, (2) require the attemped placement of a peripheral IV access line before placing a central line, (3) require establishment of a backup IV line, (4) require observation of the IV access site by an execution team member, (5) require a backup

---

[6]*As suggested above, plaintiff's reliance on the Nuremberg Code and other similar sources of law or policy does not make the necessary showing. "Clearly established law" ordinarily means case law which is binding on this court or which reflects the clearly established weight of authority from other courts.* Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010).*

dosage of medications, (6) require a specific level of experience and training for personnel, (7) limit their own discretion, and (8) vest ultimate decision-making in someone with medical training or establish checks and balances.

As with the other claims discussed above, plaintiff identifies no applicable authorities which indicate the law clearly established the sorts of requirements indicated.  Further, as to at least some of the referenced "requirements," the cases plainly stop short of, or reach results inconsistent with, the standards plaintiff would have the court apply. *See* Hooper v. Jones, 491 Fed. App'x 928 (10th Cir. 2012) (unpublished) (lack of a backup dose is not necessarily unconstitutional); Wackerly v. Jones, 398 Fed. App'x 360 (10th Cir. 2010) (declining to conclude a potential discretionary deviation from protocol created a significant risk of constitutional violation); Patton v. Jones, 193 Fed. App'x 785 (10th Cir. 2006) (unpublished) (Henry, J., concurring) (encouraging states to require "adequately trained medical personnel," but noting that it was "not constitutionally required under our current precedent and present knowledge of science").  These cases are consistent with the Supreme Court's discussion in Baze, which noted that "an inmate cannot succeed on an Eighth Amendment claim simply by showing one more step the State could take as a failsafe for other, independently adequate measures. This approach would serve no meaningful purpose and would frustrate the State's legitimate interest in carrying out a sentence of death in a timely manner."  553 U.S. at 60-61.  To do so would effectively "transform courts into boards of inquiry charged with determining 'best practices' for executions, with each ruling supplanted by another round of litigation touting a new and improved methodology." *Id.*

16

Plaintiff's suggested standards may well be "best practices" that should be used.  But they were not required by clearly established law at the time of Mr. Lockett's execution, such that these defendants should be held individually liable for any deviation from the standards.

Fourteenth Amendment "Procedural Due Process" Claim

Plaintiff asserts that Mr. Lockett's Due Process rights were violated when he was executed pursuant to a different procedure than that in place at the time he was sentenced. The complaint alleges Mr. Lockett was entitled to be executed by a "continuous, intravenous administration of a lethal quantity of an ultra-short barbiturate in combination with a chemical paralytic drug," pursuant to 22 OKLA. STAT. § 1014(A), the statute in force prior to November 1, 2011,[7] and that the statute gave rise to a liberty interest in him.  By executing Mr. Lockett using midazolam, a benzodiazepine, rather than with a barbituate, his Due Process rights were allegedly violated.

The Supreme Court has recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  In the prison context, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents

---

[7]*The statute has since been amended so that it no longer specifies the type of drug that must be used.  See 22 OKLA. STAT. § 1014(A) ("The punishment of death shall be carried out by the administration of a lethal quantity of a drug or drugs until death is pronounced by a licensed physician according to accepted standards of medical practice.").*

of prison life." *Id*. at 484.  Plaintiff argues that changing the method of execution imposed

"atypical and significant hardship" on Mr. Lockett, thereby giving him an interest protected

by the Due Process clause.  But these broad principles of law are not specific enough to

render such a right "clearly established."    The Tenth Circuit has acknowledged the

possibility of a successful claim of this type, *see* Pavatt v. Jones, 627 F.3d at 1340-41, but

plainly stopped short of recognizing any such constitutional right.  Plaintiff has not identified

any case or other applicable authority clearly establishing that an inmate has a vested right

in the particular execution procedure in force at the time of his sentencing.  Stated otherwise,

no case or other authority has been identified which would have put any of these defendants

on notice that they were required to execute Mr. Lockett in accordance with prior procedures

rather than those in place at the time of his execution.[8]

First, Sixth, and/or Fourteenth Amendment "Right to Counsel/Access to the Courts" Claim

    Plaintiff's final claim is that Mr. Lockett had a right to have his counsel present during

the entire execution process, so that counsel could observe and confidentially communicate

with him during the execution.  Apparently, plaintiff claims that Mr. Lockett had a right to

communicate with his counsel as he lay on the gurney in the execution chamber, so that he

could potentially commence litigation about whatever aspect of the execution process

arguably violated his rights.  Plaintiff cites no authority which gets remotely close to

---

[8]*Given the complaint's allegation that Mr. Lockett was advised two weeks or so in advance of the drug combination and other procedures to be used, it is less than obvious that a constitutional violation occurred even if the necessary liberty interest be assumed.  In this context, due process is satisfied if the inmate is given the opportunity to challenge the new protocol either administratively or in the courts, *Pavatt v. Jones, 627 F.3d at 1336.*

18

supporting that remarkable assertion, and the court has considerable doubt whether any constitutional violation of that sort even arguably exists.  To the extent plaintiff relies on the Sixth Amendment as a source of such a right, it is well-established that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction."  Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008).  Additionally, as another judge in this district recently noted, "[n]o court has found a constitutional right for the prisoner to have counsel present to supervise the IV insertion process."  Transcript of Ruling at 15-16 [Doc. #179], Warner v. Gross, No.  14-CV-665-F, 2014 WL 7671680 (W.D. Okla. Dec.  22, 2014).

Regardless of whether there is an arguable constitutional violation based on access to counsel in the execution chamber, it is at least clear that there was no "clearly established" recognition of such a claimed right and defendants are entitled to qualified immunity as to any claim based on such an assertion.

For the reasons stated above, qualified immunity bars all the claims against the named individual defendants.

Given the court's disposition of plaintiff's claims based on qualified immunity, it appears clear that the same principles would mandate dismissal of any claims arising out of the same facts against the unnamed, as yet unidentified, members of the execution team.  The claims against those John Doe defendants will therefore be dismissed as well.[9]

---

[9]The other "John Doe" defendants are identified as "John Doe compounding pharmacies," which might conceivably be individuals or other business entities.  While qualified immunity might apply to claims against those defendants, if identified, that determination is premature on the present record.  It appears clear that no claim is now stated against any such unidentified defendant.  Therefore, and in the circumstances of this case, the claims against the "John Doe compounding

<u>Conclusion</u>

Any claims against these defendants in their official capacities are, as noted above, claims against the State of Oklahoma and are barred by sovereign immunity.  All other claims asserted in this case are against the defendants in their individual capacities.  For the reasons indicated, the doctrine of qualified immunity bars those claims. It may well be that, in <u>Glossip v. Gross</u> or in some other case, the appellate courts will conclude that aspects of Oklahoma's execution protocol were constitutionally deficient.   However, what is determinative for present purposes is that the claimed constitutional violations asserted here as to Mr. Lockett are not based on standards that were "clearly established" at the time of his execution.   The law therefore recognizes that these defendants should not be held personally liable for any violation which may have occurred.

Defendants' motions to dismiss [Doc. Nos. 21 & 39] are **GRANTED**.  This case is **DISMISSED**, with all claims against the individual defendants being dismissed with prejudice.  The claims against the as-yet unidentified compounding pharmacies are dismissed without prejudice, but without leave to amend here.  The State of Oklahoma's motion to strike the complaint [Doc. #5] is **STRICKEN** as **MOOT**.[10]

---

*pharmacies" will be dismissed without prejudice, but without leave to amend here.*

[10]*The pleadings previously ordered to be sealed [Doc. #7] will remain so.*

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1) THE ESTATE OF CLAYTON LOCKETT, )
    by and through its personal representative  )
    GARY  LOCKETT, )
                            )
            Plaintiff, )
vs. )
                            )     NO.  CIV-14-1119-HE
(1) GOVERNOR MARY FALLIN, in her )
    individual capacity; )
(2) ROBERT C. PATTON, in his individual )
    capacity; and )
(3) ANITA TRAMMELL, in her individual )
    capacity; *et. al.,* )
                            )
           Defendant. )

## JUDGMENT

In  accordance  with  the  order  entered  this  date,  judgment  is  entered  in  favor  of

defendants  and  against  plaintiff  as  to  all  claims.   Plaintiff's  claims  against  the  identified

defendants  are  dismissed  with  prejudice;  its  claims  against  the  "John Doe compounding

pharmacies"  are  dismissed  without  prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2015.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) THE ESTATE OF CLAYTON LOCKETT, by and through its personal representative GARY LOCKETT,<br><br>            Plaintiff,<br><br>v.<br><br>(1) GOVERNOR MARY FALLIN, in her individual capacity;<br>(2) ROBERT C. PATTON, in his individual capacity;<br>(3) ANITA K. TRAMMELL, in her individual capacity; *et al.,*<br><br>            Defendants. | **Case No: CIV-14-1119-HE** |

## NOTICE OF APPEAL

Notice is hereby given that the Estate of Clayton Lockett, by and through its personal representative Gary Lockett, plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit from this Court's June 23, 2015 Order Granting Motion to Dismiss Defendant Doctor John Doe and Defendants Fallin, Patton and Trammell's Motion to Dismiss Plaintiff's Amended Complaint (ECF Nos.. 21 and 39) [Doc. 49], and Final Judgment [Doc. 50].

Respectfully submitted this 15th day of July, 2015.

*s/ David A. Lane*
David A. Lane (CO Bar #16422)
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dlane@kln-law.com

*s/ Kathryn Stimson*
Kathryn Stimson (CO Bar #36783)

Stimson Glover
2701 Lawrence Street, Suite 3
Denver, CO 80205
(720) 644-8066
ks@stimsonglover.com

*s/ Mark Henricksen*
Mark Henricksen
HENRICKSEN & HENRICKSEN
LAWYERS, INC.
600 North Walker, Suite 201
Oklahoma City, Oklahoma  73102

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th  day of February 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


DAVID W. LEE, OBA  #5333
W. BRETTE BEHENNA, OBA #30485
Lee Law Center
6011 N. Robinson Avenue
Oklahoma City, OK 73118-7425
david@leelawcenter.com
brett@leelawcenter.com


RICHARD N. MANN OBA #11040
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: Richard.mann@oag.ok.gov

s/*Jamie Akard*_____